## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

INTL FCSTONE FINANCIAL, INC.,

              Plaintiff,

        v.

DAVID AND SHANNON LOVE and
SANJAY AND DARLENE
NARASIMHALU,

              Defendants.

No. 19-cv-01438

Judge John F. Kness

## MEMORANDUM OPINION AND ORDER

Plaintiff INTL FCStone Financial, Inc., has moved to vacate arbitration awards entered in favor of Defendants David and Shannon Love and Sanjay and Darlene Narasimhalu on the grounds that the arbitration panel engaged in misconduct and exceeded its powers. (Dkt. 186.) As explained below, because any misconduct by the panel did not prejudice Plaintiff, and because the panel did not exceed its powers, Plaintiff's motion to vacate is denied.

## I.    BACKGROUND

Numerous individual investors hired OptionsSellers.com, Inc.,[1] to manage their futures trading accounts. (Dkt. 32 ¶ 3.) Plaintiff INTL FCStone Financial, Inc.,

---

[1] In a related case before the Court, *Love et al. v. StoneX Financial*, No. 23-cv-01250, OptionsSellers had filed a motion to vacate the portion of the award the panel entered against OptionsSellers. (*See generally* No. 23-cv-01250, Dkt. 8.) The adjudication of this present motion need not incorporate arguments by OptionsSellers, because the award in question concerns Plaintiff and Defendants directly. (*See* No. 19-cv-01438, Dkt. 186-10 at 4 (Plaintiff

executed and cleared the trades that OptionsSellers placed on behalf of certain investors who are Defendants here. (*Id.* ¶ 5.) Those investors traded and lost significant sums of money. (*Id.* ¶ 6.)

This present dispute arises out of an action in arbitration brought by several Defendants: David Love, Shannon Love, Sanjay Narasimhalu, and Darlene Narasimhalu (referred to as "Defendants" in this opinion). (Dkt. 186 at 1.) In that action, Defendants argued that Plaintiff breached a duty to the investors and was vicariously liable for OptionsSellers' trading decisions. (*Id.* ¶ 4.) The parties presented testimony on the duty issue, attempting to determine whether a duty attached, the scope of that duty, and whether Plaintiff breached any duty. (*Id.* ¶ 5.) After evidence closed, and after both sides presented closing arguments, one of the arbitrators "revealed" that he had learned that one of OptionsSellers' employees had been both fined and sued; the arbitrator noted that knowledge of such information might have stopped Plaintiff from onboarding OptionsSellers. (*Id.* ¶ 7–8.) In any event, the arbitration panel awarded Plaintiff to pay damages to Defendants. (*Id.* ¶ 10.)

Plaintiff seeks to vacate that arbitral award on two grounds. (*See generally id.*) Plaintiff first argues that the arbitrator's introduction of outside evidence constitutes

---

"is liable for the following award and shall pay to David Love Jr. and Shannon Love . . . $198,720.51"), Dkt. 186-11 at 4 (Plaintiff "is liable for the following award and shall pay to Sanjay Narasimhalu and Darlene Narasimhalu . . . $426,454.02").) In any event, the arguments OptionsSellers raises in its motion are unrelated to the issues addressed in this opinion. (*See* No. 23-cv-01250 Dkt. 8 at 2 (arguing that OptionsSellers should have had the opportunity to present a case in the underlying arbitration and that the awards are "unsupported by law and fact").)

vacatur-worthy misconduct under 9 U.S.C. § 10(a)(3). (*Id.* at 2.) Plaintiff also argues that the panel exceeded its power by ignoring the parties' contractual arbitration clause and awarding attorney's fees disguised as punitive damages contrary to Illinois law. (*Id.* at 12.)

## II.    STANDARD OF REVIEW

A federal court's review of an arbitration award is "tightly limited." *Bartlit Beck LLP v. Okada*, 25 F.4th 519, 522 (7th Cir. 2022) (quoting *Standard Sec. Life Ins. Co. of N.Y. v. FCE Benefir Adm'rs, Inc.*, 967 F.3d 667, 671 (7th Cir. 2020)). A court will overturn an arbitration award "only in very unusual circumstances," *id.*, and an award will be enforced so long as an arbitrator does not exceed his delegated authority. *Standard Sec. Life Ins. Co. of N.Y.*, 967 F.3d at 671. This is true "even if the arbitrator's award contains a serious error of law or fact." *Id.* (quoting *Butler Mfg. Co. v. United Steelworkers of Am., AFL-CIO-CLC*, 336 F.3d 629, 632 (7th Cir. 2003); *see also Halim v. Great Gatsby's Auction Gallery, Inc.*, 516 F.3d 557, 563 (7th Cir. 2008) ("Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award.").

A court may vacate an arbitral award "where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy . . . ." 9 U.S.C. § 10(a)(3). But even in the face of arbitrator misconduct, "the party seeking to vacate an arbitrator's order must show that it was deprived of a fair hearing." *Lefkovitz v. Wagner*, 291 F. Supp. 2d 764, 770 (N.D. Ill. 2003); *see also Bartlit Beck LLP*, 25 F.4th

at 523 (vacatur of an arbitral award is only proper "where there has been a denial of fundamental fairness"). A fundamentally fair hearing requires "adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Generica Ltd. v. Pharm. Basics, Inc.*, 125 F.3d 1123, 1130 (7th Cir. 1997). A court may also vacate an arbitral award "where the arbitrators exceeded their powers." 9 U.S.C. § 10(a)(4).

## III.   DISCUSSION

Plaintiff argues that vacatur of the panel's award is appropriate based on two independent instances of alleged arbitrator misconduct: first, one arbitrator engaged in misbehavior when he conducted an independent investigation and produced prejudicial outside evidence; and second, the panel exceeded its powers when it awarded attorney fees in the guise of punitive damages contrary to Illinois law. (Dkt. 186 ¶¶ 1–2.)

### A.   Arbitrator's independent investigation

Plaintiff argues that the arbitrator's outside investigation amounts to arbitrator misbehavior under Section 10(a)(3). (Dkt. 186 ¶ 11). Plaintiff points to numerous cases to support this argument. (*Id.* ¶ 11–13) (citing, *e.g.*, *Hahn v. A.G. Becker Paribas, Inc.*, 518 N.E.2d 218, 224 (Ill. App. Ct. 1987)). Defendants barely contest this point, noting only in passing that the evidence the arbitrator presented was publicly available. (Dkt. 195 at 4.) Defendants focus their argument on the second half of the equation: whether the misbehavior resulted in "prejudice[]" to Plaintiff. (*Id.*); *see* 9 U.S.C. § 10(a)(3).

As to the prejudicial effect from that alleged misbehavior, Plaintiff contends that the evidence the arbitrator introduced following his independent investigation "deprived [Plaintiff] of a fair hearing because that evidence was directly relevant to Defendants' claims and theory of the case, and because [Plaintiff] was offered no chance to rebut this evidence on the record." (Dkt. 209 at 3.) Put another way, the outside investigation "prejudiced [Plaintiff] because the panel did not give [Plaintiff] any advance notice that it was considering evidence outside of the record[, so] [Plaintiff] did not have an opportunity to present any fact or expert witnesses to testify regarding the panel's independent evidence." (Dkt. 186 at 1–2.)

Defendants counter that Plaintiff fails to carry its burden to show that the alleged arbitrator misconduct amounted to a deprivation of a fundamentally fair hearing. (Dkt. 195 at 7.) Defendants note Plaintiff's failure to "lodge any objection of any sort [or] demand an opportunity to present evidence" relating to the arbitrator's comments. (*Id.*) Defendants call this inaction during the arbitration hearing "waiver." (Dkt. 236 at 2.)

Plaintiff attempts to distinguish the authority Defendants cite in support of their waiver argument and argues that Plaintiff's failure to raise the objection is a far cry from the deliberate gamesmanship found in those cases. (Dkt. 238 at 1–2.) According to Plaintiff, its failure to raise the issue of arbitrator misconduct before the arbitral panel was not deliberate "sandbagging" and more a result of futility: "[b]y the time INTL learned of the misconduct, it had already occurred and the evidentiary

hearing was complete . . . . An after the fact objection would not have resulted in any efficiencies, because the panel had already tainted the hearing." (Dkt. 238 at 2.)

Regardless of whether Plaintiff's behavior constitutes waiver, Plaintiff's failure to object is pertinent to the determination whether any arbitrator misconduct resulted in prejudice. To prove prejudice, Plaintiff must show that it was deprived of a fair hearing; this means Plaintiff must show that the arbitrator's misconduct resulted in some insufficiency regarding the tenets of "adequate notice, a hearing on the evidence, and an impartial decision by the arbitrator." *Generica Ltd.*, 125 F.3d at 1130. Plaintiff cites *United Food & Commercial Workers Int'l Union, AFL-CIO, CLC v. SIPCO, Inc.*, 1992 WL 455167 (S.D. Iowa Dec. 30, 1992), to support its argument that an arbitrator's consideration of publicly available outside evidence constitutes misconduct. (Dkt. 209 at 4–5.)

*SIPCO*, however, also discussed a party's obligation to object to perceived arbitrator misconduct. In that case, the court noted that the "Unions made timely objections to every instance of misconduct of which they became aware, and repeatedly moved the arbitrator to recuse himself . . . . [This] did not constitute waiver of the objections by the Unions. Waiver only arises where a party, knowing of the impropriety, proceeds ahead without objection and seeks to assert the impropriety as the basis for attack following an adverse decision." *SIPCO*, 1992 WL 455167, at *11.

Plaintiff knew or should have known of the impropriety of the arbitrator's outside investigation at the time of the arbitration. Unlike the Unions in *SIPCO*,

Plaintiff did not immediately object to the arbitrator's comments, nor did Plaintiff move for the arbitrator to recuse himself. Plaintiff also did not object or move for recusal during the twenty-nine days that passed between the question and the entry of the panel's judgment. Plaintiff "proceed[ed] ahead without objection" and now "seeks to assert the impropriety as the basis for attack following an adverse decision." *SIPCO*, 1992 WL 455167 at *11. Irrespective of whether Plaintiff's approach constituted waiver as a matter of law, Plaintiff cannot plausibly protest that it was denied a fair hearing when, for a month, Plaintiff did not object to perceived misconduct in the forum it chose.

As a point of comparison, parties in a federal trial must lodge a timely objection to preserve for appeal an assertion of error. *See* Fed. R. Evid. 103(a). As the Advisory Committee Notes to Rule 103 of the Federal Rules of Evidence explain, one fundamental purpose of Rule 103 is to "call[ the error] to the attention of the judge, so as to alert him to the proper course of action and enable opposing counsel to take proper corrective measures." Fed. R. Evid. 103(a) advisory committee's note. To be sure, the Federal Rules of Evidence do not necessarily apply in an arbitration, *Bernhardt v. Polygraphic Co. of Am.*, 350 U.S. 198, 203 n.4 (1956), but the point remains—especially in view of the limited role that federal courts play in reviewing arbitral decisions. *See Bartlit Beck LLP*, 25 F.4th at 522.

Plaintiff had reason to question the propriety of the arbitrator's independent investigation, but Plaintiff did not lodge a contemporaneous objection. Plaintiff's

inaction is not a sufficient basis to find that Plaintiff was deprived of a fundamentally fair hearing. As a result, the Court declines to vacate the award on these grounds.

### B.    Award of attorney fees

Plaintiff argues that vacatur is also required because the panel exceeded its powers when it, in Plaintiff's view, awarded Defendants attorney fees under the guise of a punitive damages award. (Dkt. 186 ¶ 23.) Plaintiff contends that the parties agreed Illinois law would govern the arbitration. (*Id.* ¶ 23.) According to Plaintiff, Illinois law precludes an award of attorney fees "under the guise of a punitive damages award" in the absence of a contractual or statutory basis for awarding fees. (*Id.* (quoting *Int'l Union of Eng'rs v. Lowe Excavating Co.*, 870 N.E.2d 303, 324 (Ill. 2006).) Plaintiff further asserts that the parties' agreements "did not provide for Defendants to recover fees," nor did Defendants raise any statutory basis for doing so. (Dkt. 186 ¶ 23.)

Defendants counter that the deference a court owes to arbitration awards precludes vacatur; an arbitrator's mistake of law is insufficient grounds on which a Court may overturn an award. (Dkt. 195 at 6); *see also Halim*, 516 F.3d at 563. Defendants also argue that the face of the award makes clear that the panel awarded punitive damages, not attorney fees. (*Id.*)

An arbitration award may be vacated under Section 10(a)(4) "when an arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice." *Stolt-Nielsen S.A. v. AnimalFeeds int'l Corp.*, 599 U.S. 662, 671–72 (2010) (cleaned up). This is because "the task of an

arbitrator is to interpret and enforce a contract, not to make public policy." *Id.* at 672; *see also Edstrom Indus., Inc. v. Companion Life Ins. Co.*, 516 F.3d 546, 552 (7th Cir. 2008) *abrogated in part on other grounds by Affymax v. Ortho-McNeil-Janssen Pharms. Inc.*, 660 F.3d 281, 285 (7th Cir. 2011) ("[P]recisely because arbitration is a creature of contract, the arbitrator cannot disregard the lawful directions the parties have given them. If they tell him to apply Wisconsin law, he cannot apply New York law.").

There is a significant difference between the Seventh Circuit's concern in *Edstrom*, on one hand, and an arbitrator's alleged error concerning Illinois law on the other. Plaintiff has not shown that the arbitral panel pell-mell applied the wrong body of law to achieve a desired outcome. At best for Plaintiff, the panel got the law wrong—but even that is not enough to justify vacating an arbitral award. *See Standard Sec. Life*, 967 F.3d at 671.

Nor is it clear that the panel committed a legal error under Illinois law. Plaintiff cites *Lowe Excavating*, a decision of the Supreme Court of Illinois, for the proposition that attorney fees should not be "awarded under the guise of a punitive damages award." 870 N.E.2d at 324. But that decision also made clear that "attorney fees can be considered when awarding punitive damages." *Id.* Plaintiff has not convincingly explained the distinction under Illinois law between consideration of attorney fees when awarding punitive damages and awarding attorney fees under the guise of punitive damages. Nor has Plaintiff sufficiently shown that the panel crossed that line.

9

In sum, there is no evidence that the panel's award of punitive damages resulted from either a conscious disregard of the parties' chosen law or an attempt by the panel to dispense industrial justice. Even if the panel incorrectly applied Illinois law, which Plaintiff has failed to show, that is not a sufficient independent basis for vacatur. *See Halim*, 516 F.3d at 563 ("Factual or legal error, no matter how gross, is insufficient to support overturning an arbitration award.").

Even harder for Plaintiff to overcome is the plain language of the award. It is undisputed that the face of the award calls the damages "punitive damages" and says, "each party shall bear its own costs and fees as incurred." (Dkt. 186-10, 186-11.) As shown by the plain terms it chose, the panel did not award attorney fees. In the light of the "tightly limited" scope of judicial review of arbitration awards, *Bartlit Beck LLP*, 25 F.4th at 522, this Court declines to hold, contrary to the plain language of the award, that the panel actually awarded attorney fees instead of punitive damages.

## IV.  CONCLUSION

Plaintiff's motion to vacate (Dkt. 186) is denied.

SO ORDERED in No. 19-cv-01438.

Date: March 28, 2024

_____
JOHN F. KNESS
United States District Judge

10